## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SPENCER TAHERMANDARJANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00277-JD |
| | ) | |
| CITY OF EDMOND; JOHN DOE, 1 | ) | |
| School Resource Officer, individually and in | ) | |
| his official capacity; JOHN DOE, 2 | ) | |
| Santa Fe High School Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant City of Edmond's ("the City") Motion to Dismiss

("Motion") [Doc. No. 5]. The Motion seeks dismissal of Plaintiff Spencer

Tahermandarjani's ("Plaintiff") Amended Petition ("Complaint") under Federal Rule of

Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or alternatively under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Motion at 34.

Plaintiff filed a Response, and the City replied. [Doc. Nos. 9, 10]. For the following

reasons, the Court dismisses Plaintiff's Complaint against the City.

## I.    BACKGROUND

Plaintiff filed suit in the District Court of Oklahoma County, Oklahoma against

the City, a school resource officer, and a Santa Fe High School administrator. Against the

school resource officer and school administrator, Plaintiff brought constitutional claims

under 42 U.S.C. § 1983. Against the City, Plaintiff brought a negligence claim. The City

removed the action to this Court. The suit originates from an incident that took place on September 28, 2020, while Plaintiff was a student at Santa Fe High School.

## II.    <u>LEGAL STANDARD</u>

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) constitutes either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). "In reviewing a factual attack, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotation marks and citation omitted).

## III.   <u>ANALYSIS</u>

The City argues that the Court does not have subject matter jurisdiction to consider Plaintiff's negligence claim based on the Oklahoma Governmental Tort Claims Act ("OGTCA"). Okla. Stat. tit. 51, § 151 *et seq.* The City goes beyond the pleadings and attaches documents in support of its arguments. *See* Motion at 27; *see also Stuart*, 271 F.3d at 1225 (explaining that the defendant "chose the second form of attack" by going "beyond allegations contained in the complaint and challeng[ing] the facts upon which subject matter jurisdiction is based"). Plaintiff does not dispute the documents or jurisdictional facts offered by the City. Instead, Plaintiff argues that his claim against the City is a constitutional claim—not a state law tort claim—so the OGTCA does not apply.

The State of Oklahoma adopted the doctrine of sovereign immunity for "[t]he state, its political subdivisions, and all of their employees acting within the scope of their employment." Okla. Stat. tit. 51, § 152.1(A). "The [OGTCA] provides 'the exclusive remedy for an injured plaintiff to recover against [an Oklahoma municipality] in tort.'" *Clark v. Colbert*, 895 F.3d 1258, 1264 (10th Cir. 2018) (second alteration in *Clark*) (quoting *Nail v. City of Henryetta*, 1996 OK 12, ¶ 10, 911 P.2d 914, 917).

To comply with the OGTCA, plaintiffs must give the state or political subdivision notice of their claim "within one (1) year of the date the loss occurs." Okla. Stat. tit. 51, § 156(B). "[I]f the state or political subdivision fails to approve the claim in its entirety within ninety (90) days," the claim is deemed denied. *Id.* § 157(A). Suit must be "commenced within one hundred eighty (180) days after denial of the claim." *Id.* § 157(B). These deadlines apply even if the plaintiff is a minor. *See Johns ex rel. Johns v. Wynnewood Sch. Bd. of Educ.*, 1982 OK 101, ¶ 6, 656 P.2d 248, 250 ("The exception from the limitation provisions for persons under incapacities is spoken to in § 156 and no mention is made of exceptions for minors.").

The incident occurred on September 28, 2020. Notice of Plaintiff's claim was timely given to the City on February 26, 2021. Ninety days after, on May 27, 2021, the claim was deemed denied. Plaintiff and his parents had 180 days from this denial to file suit. Thus, suit needed to be filed by November 23, 2021, to comply with the OGTCA's

deadlines. But here, suit was originally filed on December 17, 2021 and was therefore
untimely under the OGTCA.[1]

Plaintiff's argument that these deadlines do not apply because his claim against the
City is actually a constitutional claim fails. The Complaint lists one cause of action
against the City for "negligence." [Doc. No. 1-2 at 10]. It states that "Defendant City of
Edmond's Police Department was negligent in a multitude of ways, some of which are
set forth herein." *Id.* Then, Plaintiff says the City "has a duty to provide a safe and secure
environment," and that its failure to do so "caused or contributed to Plaintiff's damages."
*Id.* at 11.

As alleged, this is clearly a negligence claim, and Plaintiff cannot later reframe it
as a constitutional claim. Therefore, the Court concludes that the deadlines and
timeframes in the OGTCA apply. Because Plaintiff's suit against the City was not timely
filed within 180 days of it denying his claim, the City has not waived its sovereign
immunity. Thus, the Court does not have subject matter jurisdiction to consider Plaintiff's
negligence claim. *Cf. Miller v. United States*, 71 F.4th 1247, 1254 (10th Cir. 2023), *cert.
granted*, No. 23-824, 2024 WL 3089529 (U.S. June 24, 2024) ("[S]overeign immunity

---

[1] Additionally, since the original filing was not timely, Oklahoma's savings
statute, Okla. Stat. tit. 12, § 100, would not apply to Plaintiff's subsequent refiling. *Id.*
("If any action is commenced *within due time*, and a judgment thereon for the plaintiff is
reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff,
or, if he should die, and the cause of action survive, his representatives may commence
a new action within one (1) year after the reversal or failure although the time limit for
commencing the action shall have expired before the new action is filed." (emphasis
added)).

deprives a court of subject-matter jurisdiction."); *Fed. Deposit Ins. Corp. v. Meyer*, 510

U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

## IV.   **CONCLUSION**

For these reasons, the Court GRANTS the City's Motion to Dismiss Plaintiff's

negligence claim against it. [Doc. No. 5]. The Court dismisses Plaintiff's negligence

claim against the City.[2] The Court will address the remaining claims against John Doe

Defendants by separate order.

IT IS SO ORDERED this 17th day of July 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] In his Response, Plaintiff seeks "leave to amend for the sole purpose of developing in more detail his allegations against the City in this case." [Doc. No. 9 at 24]. But Plaintiff cannot seek leave to amend his Complaint in his response brief. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); LCvR7.1(c) ("A response to a motion may not also include a motion . . . made by the responding party."); LCvR15.1 (explaining that a party moving to amend a pleading must attach the proposed pleading as an exhibit to the motion); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 706 (10th Cir. 2014) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999))).